DLD-217                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1996
_____

IN RE: FREDERICK O. BOND,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Civil No. 3:09-cv-00290)


_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 10, 2010

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges


(Opinion filed: June 29, 2010)

_____

OPINION
_____

PER CURIAM

Petitioner Frederick Bond, a federal prisoner proceeding pro se, seeks a writ of

mandamus directing the United States District Court for the Western District of

Pennsylvania to rule on his pending habeas petition.  For the reasons that follow, we will

deny the mandamus petition.

Bond is currently serving a twenty-four-month sentence for obstruction of justice and conspiracy to impede a United States Judge in discharge of official duties. His expected release date is December 24, 2010.

In November 2009, he filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court, challenging the Bureau of Prisons' decision that he spend only the final ninety days of his sentence in a Residential Reentry Center. The District Court referred the case to a Magistrate Judge, who recommended that the court dismiss the petition without prejudice for failure to exhaust administrative remedies. Bond objected to that recommendation, averring that he had inadvertently failed to include information in his habeas petition demonstrating that he had exhausted his administrative remedies. In light of this averment, the District Court entered an order on March 1, 2010, directing the Government to respond to Bond's habeas petition within sixty days of service of the order. In April 2010, Bond filed the instant mandamus petition, requesting that we compel the District Court to rule on his habeas petition.

Mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain a writ of mandamus, a petitioner must demonstrate that (1) there are no other adequate means of obtaining the underlying relief he seeks, (2) his right to the writ is "clear and indisputable," and (3) "the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks and citation omitted).

2

Bond has not made this showing here, for he does not need a writ of mandamus to obtain a ruling on his habeas petition. Although a writ of mandamus may be appropriate when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), that situation is not present here. Accordingly, we will deny Bond's mandamus petition. We trust that, in light of the time-sensitivity of his habeas claims, the District Court will rule on his habeas petition in short order.